UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

SANTOS AMADOR, individually and on behalf : 
of all others similarly situated, DARWIN ORTIZ, : 
individually and on behalf of all others similarly : 
situated, MARIO AVILA, individually and on : 
behalf of all others similarly situated, :

:        **REPORT AND RECOMMENDATION**
:        21 Civ. 4633 (EK) (VMS)
:

Plaintiffs, :
:
-against- :
:

109-1 FOOD CORP., jointly and severally, :
RUHANA FOOD INT'L LLC, jointly and :
severally, LIBERTY WHOLESALE FOOD :
CORP., jointly and severally, 241-11 LINDEN :
FOOD CORP. jointly and severally, 16611 FOOD:
CORP., jointly and severally, RAMIZA FOOD :
CORP., jointly and severally, 351 N. CENTRAL :
FOOD CORP., jointly and severally, FOOD :
FARM CORP., jointly and severally, SHEAK :
RIPON, jointly and severally, A/K/A RONNIE :
SHEIK, SYEDA SHAHTAJ, jointly and :
severally, :
:

Defendants. :
:

---------------------------------------------------------- x

**Scanlon, Vera M., United States Magistrate Judge:**

Plaintiffs Santos Amador, Darwin Ortiz and Mario Avila (collectively, "Plaintiffs"), on

behalf of themselves and other similarly situated, commenced this wage-and-hour action against

Defendants 101-19 Food Corp., Ruhana Food International LLC, Liberty Wholesale Food Corp.,

241-11 Linden Food Corp., 16611 Food Corp., Ramiza Food Corp., 351 N. Central Food Corp.,

Food Farm Corp., Food Farm Group, Inc., Sheak Ripon and Syeda Shahtaj (collectively,

"Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.,

and the New York Labor Law ("NYLL") §§ 650 et seq.  See ECF No. 1, passim.  Before the

Court is Plaintiffs' motion to strike Defendant Sheak Ripon's answer, which was filed at ECF

1

No. 17.  See ECF No. 46.  The undersigned respectfully recommends that the Court grant the motion to strike the answer.

## I.   Background

### a.  Plaintiffs' Allegations

The following facts are derived from Plaintiffs' complaint, the docket and the motion to strike with supporting documents.  See ECF Nos. 1, 17, 46-49.

Plaintiffs worked as butchers at Defendants' grocery stores.  See ECF No. 1 ¶¶ 11, 68, 83, 97.  Defendants operated groceries stores at four locations, identified by Plaintiffs as follows:

(1) 109-19 Liberty Avenue, Queens, New York 11419 ("Liberty Avenue Location");
(2) 241-11 Linden Boulevard, Elmont, New York 11003;
(3) 351 N. Central Avenue, Valley Stream, New York 11580; and
(4) 8961 Francis Lewis Boulevard, Queens Village, New York 11427.

See id. ¶ 11.  The corporate Defendants are companies involved in the operation of grocery stores at the above locations.  See id. ¶¶ 13-21.  The corporate Defendants operate as "a single business enterprise and/or joint employers," which entailed frequent transfers of employees among the four locations, use of the same wage-and-hour practices, and common timekeeping and recordkeeping among Defendants.  Id. ¶¶ 24, 57.  The individual Defendants serve as the owners and operators of the corporate Defendants.  See id. ¶¶ 22-23.  During the relevant period, Mr. Ripon was present at all four locations on a monthly basis, whereupon he coordinated business operations and personnel matters with the location managers; oversaw operations; set and enforced business policies, including pay policies; and spoke with employees about requests for raises.  See id. ¶ 63.  Both Mr. Ripon and Ms. Shahtaj had the power to set employee wages, retain time and/or wage records, and otherwise control the terms and conditions of employment. See id. ¶ 65.  Plaintiffs allege that Defendants (1) failed to pay them the federal minimum wage in violation of the FLSA, see id. ¶¶ 114-17; (2) failed to pay overtime in violation of the FLSA,

2

id. ¶¶ 118-21; (3) failed to pay minimum wage in violation of the NYLL, id. ¶¶ 122-24; (4) failed to pay unpaid overtime in violation of the NYLL, id. ¶¶ 125-27; (5) failed to pay spread-of-hours premiums in violation of the NYLL, id. ¶¶ 128-30; (6) failed to pay wages in violation of the NYLL, id. ¶¶ 131-36; (7) failed to provide wage notices in violation of the NYLL, id. ¶¶ 137-39; and (8) failed to provide wage statements in violation of the NYLL, id. ¶¶ 140-42.

### b. Procedural History

On August 17, 2021, Plaintiffs commenced the instant action.  See ECF No. 1.  Plaintiffs returned executed summonses and filed affidavits of service stating that Plaintiffs had served the corporate Defendants via the New York Secretary of State.  See ECF Nos. 6-14.  For the individual Defendants, Plaintiffs returned executed summons and filed affidavits of service stating that the process server had delivered the summons and complaint to the Liberty Avenue Location and given them to Abdul Mozid, identified only as an "employee" of suitable age and discretion.  ECF Nos. 15 at 1, 16 at 1.  The process server asked Mr. Mozid if Mr. Ripon or Ms. Shahtaj were in active military service, and "received a negative reply."  Id.  The affidavits state that Plaintiffs also mailed copies of the summons and complaint by first class mail to Mr. Ripon and Ms. Shahtaj.  See id.

After Defendants failed to answer, the Court scheduled a conference, which it invited Defendants to attend.  See ECF 12/27/2021 Order.  Mr. Ripon answered.  See ECF No. 17. Counsel for Mr. Ripon appeared at the conference; the other Defendants did not appear.  See Dkt. Entry 1/26/2022 Minute Entry.  Mr. Ripon's counsel raised serious questions as to the good-faith basis for Plaintiffs' claims in light of earlier New York State Department of Labor litigation against the stores and whether the corporate Defendants existed at the time of the alleged

violations or had assumed the liabilities of prior-existing entities.  See ECF 6/3/2022 Order.  As the corporate Defendants have not appeared, these issues have not been fully explained.

In a June 3, 2022 Order, the Court included the following text:

> The non-appearing Defendants may participate in the conference by counsel, or if necessary, by a representative of the business.  Defendants are informed that a continuing failure to participate may result in a motion by Plaintiffs for a default judgment against Defendants.  Failure to participate in this litigation may lead to a [waiver] of the right to raise defenses to Plaintiffs' claims.

ECF 6/3/2022 Order.  Mr. Ripon was thus made aware of the consequences of nonappearance.

Mr. Ripon's counsel requested that he be permitted to withdraw, which the Court allowed on the basis that Mr. Ripon had failed to pay legal fees and may have left the United States for Bangladesh.  See ECF No. 26-1; ECF 6/28/2022 Order.  In the Order permitting withdrawal, the Court stated in relevant part:

> The motion for counsel to withdraw at [26] is granted on consent for the reasons stated in the submission and on the record today.  The individual Defendant Ripon's counsel will file a letter with any updated contact information for the individual Defendant Ripon with a publicly redacted copy and a sealed copy available to the Court and counsel.  For assistance with filing, counsel may contact the ECF Help Desk.  On or before July 29, 2022, the individual Defendants may appear and represent themselves by contacting the Court in writing.  The corporate Defendants may appear by that date by having counsel file a notice of appearance and other necessary paperwork.  If any party does not appear on or before July 29, 2022, Plaintiffs may request a certificate of default by August 31, 2022, and after it is entered, move for a default judgment.  As discussed, Plaintiffs' counsel must provide confirmation that service was adequately made on any Defendant against which Plaintiffs seek a default judgment, particularly in light of the statements by counsel that the corporate Defendant businesses are closed (although they may still exist as legal entities subject to service) and that the individual Defendants have been residing outside of the United States.  Service of any default judgment motion must comply with the Local Rules.  The Court will mail copies of this Order to the available addresses for Defendants, although the Court notes that prior mailings have been returned to the Court as undeliverable.

ECF 6/28/2022 Order.  Mr. Ripon did not appear before the Court to act on his own behalf by the deadline set in the June 28, 2022 Order or thereafter.  In fact, the Court has not received any communication from Mr. Ripon since his attorney withdrew in June 2022.

Plaintiffs requested, and the Clerk of Court entered, a certificate of default for all Defendants.  See ECF Nos. 37-38.  Plaintiffs' request did not include evidence as to the last known address of Mr. Ripon.  See ECF No. 37.  The certificate of default was erroneously entered against Mr. Ripon because he had not defaulted but, rather, had filed an answer.  See ECF No. 17.  The Clerk of Court subsequently vacated the entry of default as to Mr. Ripon.  ECF No. 38.  Plaintiffs nonetheless filed a motion for default judgment against all Defendants.  See ECF No. 40.

By Order dated August 24, 2023, the Court scheduled a conference in connection with the motion for a default judgment for August 25, 2023.  ECF 8/24/2023 Order.  The Court's Order included the following:

> The Court will discuss with Plaintiffs' counsel 1) as to the motion for a default judgment as to the corporate Defendants, whether Plaintiffs complied with Local Rule 55.2(c) by serv[]ing the default judgment motion with all attachments on the corporate Defendants' business addresses.  The service appears to have been on the Secretary of State, which does not comply with the Local Rule; 2) why Plaintiffs served the motion for a default judgment as to Ms. Shahtaj at the Copiague Street address as her residence under Local Rule 55.2(c), and if such location is her residence, to identify what evidence there is in the record to confirm that fact; 3) whether Plaintiffs wish to withdraw the motion for a default judgment against Mr. Ripon in light of the filing of the answer and the vacatur of the certificate of default by the Clerk's Office; and 4) if the answer to Item 3 is yes, whether Plaintiffs intend to file a motion to strike the answer then a motion for default judgment as to Mr. Ripon.

Id.  The conference was rescheduled at Plaintiffs' counsel's request.  ECF 8/24/2023 Order (Second Order).  The Court held the conference on August 29, 2023, Dkt. Entry 8/29/2023 Minute Entry, and entered the following Order in relevant part:

> Plaintiffs' counsel agree that a motion to strike Mr. Ripon's answer is necessary before Plaintiffs can properly present the motion for a default judgment against Mr. Ripon.  In addition, if the anticipated motion to strike were to be granted, Plaintiffs would then need to request and be granted a certificate of default against Mr. Ripon before any motion for a default judgment against him could be made. In the interest of preserving the parties' resources and of judicial efficiency, at Plaintiffs' counsel's request, the motion at ECF No. 40 is administratively closed with leave to reopen against Mr. Ripon, if the motion to strike is granted, and against the other Defendants if Plaintiffs wish to proceed against those Defendants with or without Mr. Ripon.

ECF 8/29/2023 Order.  The Court mailed a copy of this Order to all Defendants; it was returned as undeliverable as to certain corporate Defendants, but not as to Mr. Ripon.  ECF 8/29/2023 Order; ECF Nos. 51-53.

Plaintiffs then filed the motion to strike Mr. Ripon's answer, ECF Nos. 46-49, which the District Court referred to the undersigned, ECF 9/23/2023 Order.  The address that Plaintiffs have for service on Mr. Ripon did not match the address provided to the Court by his former counsel, who stated that Mr. Ripon had lived at 86 Clarendon Drive, Valley Stream, New York 11580 before moving to Bangladesh.  See ECF No. 30.  Plaintiffs' counsel explained that, based on Plaintiffs' statements, contrary to the claims that Mr. Ripon had moved to Bangladesh, they believed that Mr. Ripon still resided in the United States.  See ECF No. 48 ¶¶ 14-17.  In a declaration in support of the motion, Plaintiffs' counsel represented that Mr. Ripon's social media profiles stated that he lived in Lehighton, Pennsylvania, and photos and videos uploaded to his accounts were from Pennsylvania.  See id.

Since the motion to strike was filed, the Court has not received any communications from Mr. Ripon or any other Defendant.

## II.    Discussion

The Federal Rules of Civil Procedure permit a court to impose sanctions against parties who or which fail to meaningfully participate in litigation.  Rule 16(f) permits a court to "issue

any just orders," including sanctions authorized by Rule 37(b)(2)(A)(ii)-(vii) against a party that fails to appear at pretrial conferences or fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(A)-(C). Rule 37 allows courts to impose sanctions, including "striking pleadings in whole or in part" against a party that "fails to obey an order to provide or permit discovery," which may include Federal Rule of Civil Procedure 37(b)(2)(A)(iii). Courts have "wide discretion" to issue sanctions under Rule 37. Relevant factors in assessing sanctions may include "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." S. New Eng. Tel. Co. v. Global NAPS Inc., 624 F.3d 123, 144 (2d Cir. 2010) (internal quotations omitted). Some courts have added two additional factors to consider, the client's complicity and prejudice to the moving party. See American Cash Card v. AT & T Corp., 184 F.R.D. 521, 524 (S.D.N.Y. 1999), reconsid. denied, No. 95 Civ. 10607 (DC), No. 97 Civ. 7163 (DC), 1999 WL 459932 (S.D.N.Y. July 1, 1999), aff'd, 210 F.3d 354 (2d Cir. 2000); Stirrat v. Ace Audio/Visual, Inc., No. 02 Civ. 2842 (SJ), 2004 WL 2212096, at *2 (E.D.N.Y. Sept. 24, 2004). "No single factor controls, and it is not an abuse of discretion for a district court to order a dispositive sanction even when not every factor weighs against the party to be sanctioned." Aristidou v. Aviation Port Servs., LLC, No. 18 Civ. 4040 (MKB) (RER), 2020 WL 10317398, at *12 (E.D.N.Y. Feb. 21, 2020), report & recommendation adopted, 2021 WL 2471269 (E.D.N.Y. June 17, 2021) (granting motion to strike answer as a sanction for incomplete discovery participation); see Victoriano Gonzalez v. Victoria G's Pizzeria LLC, No. 19 Civ. 6996 (DLI) (RER), 2021 WL 6065744, at *3 (E.D.N.Y. Dec. 22, 2021), report & recommendation adopted sub nom. Gonzalez v. Victoria G's Pizzeria LLC, No. 19 Civ. 06996 (DLI) (RER), 2022 WL 842666 (E.D.N.Y. Mar. 22, 2022) (striking pro

se defendants' answer as a sanction for failing to comply with court orders and participate in discovery). Although entering a default is "a drastic remedy," it is "justified if the district court finds that failure to comply with discovery orders was due to willfulness, bad faith, or any fault of the party sanctioned." S. New Eng. Tel. Co., 624 F.3d at 144.

The Court agrees with Plaintiffs that sanctions are warranted against Mr. Ripon under both Rules 16 and 37, as all six factors as to issuing sanctions against Mr. Ripon are satisfied. First, the failure to participate in this litigation is willful. Mr. Ripon was aware of this litigation, having retained counsel to appear on his behalf and file an answer. ECF No. 17. He became noncommunicative with his attorney and failed to pay fees, leading to counsel's withdrawal. ECF No. 26; ECF 6/28/2023 Order. He then failed to appear on his own behalf as directed by the Court. ECF 6/28/2023 Order. Second, there is no indication in the record that a lesser sanction will prompt compliance. Mr. Ripon has not participated in this action in any way since his counsel was permitted to withdraw in June 2022. Id. Despite the Court's Order, Mr. Ripon did not file an appearance on his own behalf, did not oppose the motion for a default judgment, and has not opposed the motion to strike his answer. Even the threat of entry of a judgment of default against Mr. Ripon in 2022 did not prompt a response from him. ECF Nos. 40-42. Third, enough time has passed since Mr. Ripon was ordered to appear such that Mr. Ripon is unfairly delaying a resolution of Plaintiffs' claims; more a year-and-a-half has elapsed since Mr. Ripon took any action in this case, despite Plaintiffs having filed two motions against him. See Singer v. Allegiance Acct. Servs., LLC, No. 1:19 Civ. 01277 (LJV) (JJM), 2023 WL 9549931, at *3 (W.D.N.Y. Dec. 20, 2023), report & recommendation adopted, No. 19 Civ. 1277 (LJV) (JJM), 2024 WL 478106 (W.D.N.Y. Jan. 25, 2024) (striking answer where defendant did not comply with discovery over a three-year period).

Fourth, Mr. Ripon has been made aware of the consequences of failing to participate in the litigation.  In the Court's Order permitting Mr. Ripon's counsel to withdraw, the Court stated that, "[i]f any party does not appear on or before July 29, 2022, Plaintiffs may request a certificate of default by August 31, 2022, and after it is entered, move for a default judgment." Id.; see Munoz v. Coastal Cap. Processing, LLC, No. 19 Civ. 1312S, 2021 WL 5136269, at *1 (W.D.N.Y. Nov. 4, 2021) (granting a motion to strike because, inter alia, defendant failed to appear after counsel was permitted to withdraw because the client failed to communicate with counsel).  The Court's August 28, 2023 Order raised the possibility that Plaintiffs would move to strike Mr. Ripon's answer.  ECF 8/24/2023 Order.  The memorandum of law on this motion to strike details the relief that Plaintiffs seek against Mr. Ripon, ECF No. 47, but Mr. Ripon has not responded in the six months since the motion was filed.  See Munoz, 2021 WL 5136269, at *3 ("As for warning, this Court finds that Plaintiffs' motion to strike Defendant's answer put Defendant on notice that striking was a remedy this Court would consider.").

Fifth, Mr. Ripon is entirely responsible for his failure to appear.  Sixth, Plaintiffs will suffer prejudice if Mr. Ripon's failure to appear continues to delay the resolution of this action because, to they extent they have viable claims, they are entitled to move ahead with a default judgment motion to possibly obtain a judgment against all Defendants.

### III.   Conclusion

For these reasons, the Court respectfully recommends that Plaintiffs' motion to strike Mr. Ripon's answer be granted and that the Court strike that answer.

### IV.   Objections

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge prior to the expiration of the fourteen-day period for filing objections. Failure to file objections within fourteen days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.  See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022) (stating that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a magistrate [judge]'s recommended decision, it waives any right to further review of that decision") (internal citation & quotations omitted).  The Court will mail copies of this report and recommendation to the following addresses of non-appearing Defendants: 101-19 Food Corp., 101-19 Liberty Avenue, Queens, NY 11419; Ruhana Food International LLC, 109-19 Liberty Avenue, Queens, NY 11419; Liberty Wholesale Food Corp., 109-19 Liberty Avenue, Queens, NY 11419; 241-11 Linden Food Corp., 241-11 Linden Boulevard, Elmont, NY 11003; 16611 Food Corp., 351 N. Central Avenue, Valley Stream, NY 11580; Ramiza Food Corp., 351 N. Central Avenue, Valley Stream, NY 11580; 351 N. Central Food Corp., 351 N. Central Avenue, Valley Stream, NY 11580; Food Farm Corp., 8961 Francis Lewis Boulevard, Queens Village, NY 11427; Food Farm Group, 8961 Francis Lewis Boulevard, Queens Village, NY 11427; Sheak Ripon, 905 Green Street, Lehighton, PA 18235,

and Syeda Shataj, 109-19 Liberty Avenue, Jamaica, NY 11419, and 31 Copiague Street, Valley

Stream, NY 11580.

Dated:  Brooklyn, New York
        March 31, 2024

*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge
